[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12763
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00609-AKK


MARK E. BENNICK,

                                                      Plaintiff-Appellant,

versus

THE BOEING COMPANY,

                                                      Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 2, 2018)

Before WILSON, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Mark Bennick appeals *pro se* the dismissal with prejudice of his fifth civil action against The Boeing Company as barred by res judicata. We affirm.

Bennick filed, without success, four actions against Boeing related to the termination of his employment and reports it filed with the Defense Security Service that affected his security clearance with the Department of Defense. In his first complaint, which the district court dismissed with prejudice for failure to state a claim, Fed. R. Civ. P. 12(b)(6), Bennick alleged that he was wrongfully terminated by Boeing after he failed an alcohol breathalyzer test, that he was fired by a second company after a Boeing employee improperly disclosed the reason for Bennick's termination, and that the Boeing employee filed a false incident report with Defense Security that disqualified Bennick from obtaining other jobs that required a security clearance. We affirmed. *Bennick v. The Boeing Company*, No. 11-16006 (11th Cir. Dec. 31, 2012). Bennick filed two additional actions against Boeing that recited essentially the same facts and complained about a retaliatory discharge, fraud or deceit in the administration of the breathalyzer test, libel and slander, and defamation, and the district court dismissed both actions as barred by res judicata. The district court also dismissed as barred by res judicata Bennick's fourth action in which he complained of breach of contract and a violation of the Americans with Disabilities Act.

2

Undeterred, Bennick filed a fifth complaint against Boeing. Bennick alleged that Boeing had violated the "First Amendment to the United States Constitution" and several "Executive Orders" when it "reported to the Joint Programs Adjudication System," which is a system that records civil security clearances, on three occasions that Bennick was "involved in drugs, criminal conduct and alcohol." The district court dismissed Bennick's complaint as barred by res judicata.

The district court did not err. Bennick's first action resulted in a final judgment on the merits. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013). That judgment, under the doctrine of res judicata, bars all future claims involving "the precise legal theory presented in previous litigation . . . [and] all legal theories and claims arising out of the same operative nucleus of fact." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1376 (11th Cir. 2011). All five of Bennick's complaints concern reports that Boeing filed that affected his security clearance. Bennick argues that he only recently discovered the reports submitted to the Joint Programs Adjudication System, but he identified two of the three reports in his earlier actions. And the remaining report was in existence when Bennick filed his first action against Boeing. Because Bennick's present claims against Boeing "could have been raised in an earlier proceeding," his complaint is barred

3

by res judicata. *Id.* at 1375 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)).

We **AFFIRM** the dismissal of Bennick's complaint with prejudice.